UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOE CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-04140-MMM |
| ) | |
| GREG DONATHAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MERIT REVIEW ORDER**

Plaintiff, proceeding *pro se* from the IDHS Rushville Treatment and Detention Facility, pursues an action under 42 U.S.C. § 1983.

Plaintiff's complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

Plaintiff names as Defendants Program Director Greg Donathan, Assistant Program Director Erin Posey, STA IV Curtis Parsons, Bobbi Jo Wallace, Administrative Assistant I Jeremy Seymour, Mental Health Professional Paula Lodge, Mental Health Professional Mara Sheldon, Mental Health Professional Ms. Paradies, and Mental Health Professional Mr. Cale.

During the last week of April 2022 Parsons and Kulhan told Plaintiff he would be moved off his housing unit to another housing unit, and that if Plaintiff refused he would be punished. Plaintiff had not asked to be moved. On April 29, he wrote a letter to Posey reminding her of a conversation they had had a week prior when Plaintiff told Posey he would rather be moved to Unit B1. Posey responded that A3 and G6 were the only available options, and that Plaintiff had to pick one of these options.

Before these discussions, Plaintiff had pending litigation, in the discovery stage, and the people targeted in discovery in that case included Greg Donathan, Erin Posey, and Curtis Parsons. The purpose of that litigation, as Plaintiff saw it, was to prove that there were plenty of opportunities for him to commit crimes or acts of sexual violence or otherwise sexually act out within the confines of the treatment and detention facility if he had wanted to, debunking and disproving the idea that the TDF is a "controlled environment."

Plaintiff was moved to housing unit G6 even though he did not want to be moved and had not asked to be moved.

Before Plaintiff was moved, Donathan, Posey, and Parsons all knew of Bobbie Wallace's propensity and inclination to engage in unprofessional and inappropriate behaviors and relationships with custodial patients at the TDF and knew that Wallace was under investigation for that conduct.

Wallace "took a liking to Plaintiff," and "seduced" him into intimacy with her. She told him to pull her to the side and "check" her, to call her his bitch, she complimented his body and muscles, would wink at him and blow kisses at him, showed him naked photos of herself, asked him to undress for her which he did, massaged his genitals over his clothes and allowed him to do the same of her, engaged in extensive sexually explicit conversations with him, and exchanged gifts.

After the relationship ended, Plaintiff asked Donathan and Posey more questions about available housing units, and informed them that he had found out that there were other housing units available even though Posey had told him there weren't. Donathan and Posey both made reference to pending discovery requests in other litigation by Plaintiff and asked him, "this is what you wanted, right? In your discovery requests? You wanted this opportunity to show opportunity to act out around female staff, right?!"

## ANALYSIS

Plaintiff's allegations state a Fourteenth Amendment claim against Defendant Bobbi Jo Wallace. A sexual relationship between detention security staff and persons involuntarily detained under their authority spells out a Fourteenth Amendment equal protection claim. *E.g., Dopson v. Corcoran*, 762 F. Supp. 3d 702, 712 (N.D. Ill. 2025).

3

Plaintiff does not state a claim as to any other Defendant. Plaintiff's allegations that other Defendants were involved with requiring Plaintiff to change rooms, knew that Wallace had inappropriate relationships with other detainees, and knew Plaintiff was trying to establish in discovery in another case that he could engage in sexual misconduct within the facility, do not state a claim. There is no plausible inference that these other Defendants violated Plaintiff's constitutional rights.

**IT IS THEREFORE ORDERED:**

1. **Plaintiff's Motion for Status Update [9] is MOOT.**

2. **Upon merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff states a Fourteenth Amendment claim against Defendant Wallace. Plaintiff does not state a claim against Defendants Greg Donathan, Erin Posey, Curtis Parsons, Jeremy Seymour, Paula Lodge, Mara Sheldon, Ms. Paradies, and Mr. Cale, who are to be terminated as Defendants. Plaintiff is allowed 21 days to file an amended complaint if he believes he can do so in good faith to state a claim as to any other Defendants. After 21 days, amended pleadings will only be allowed at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

3. **This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendant(s) before filing any motions, to give notice to said Defendant and an opportunity to respond to any motions. Motions filed before counsel has filed an appearance on behalf of Defendant will be denied as premature. Plaintiff need not submit any evidence to the Court now, unless otherwise directed by the Court.**

4. **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has 60 days from the date the waiver is sent to file an answer. If Defendant has not answered or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

5. **For a named Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address will provide to the clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information will be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

6. **This district uses electronic filing, so, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff. Plaintiff need not mail copies of motions and other papers to**

defense counsel that Plaintiff has filed with the Clerk. But this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. Plaintiff must mail discovery requests and responses directly to defense counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7. Defense counsel is hereby granted leave to depose Plaintiff and shall arrange the time for the deposition.

8. Plaintiff shall immediately notify the Court, in writing, of any change in mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9. If a Defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that Defendant and will require said Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10. The Clerk is directed to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.

Entered this 9th day of September, 2025.

                                      *s/Michael M. Mihm*
                                    MICHAEL M. MIHM
                            UNITED STATES DISTRICT JUDGE